MONTGOMERY WARD & CO., Incorporated, Plaintiff-Appellee,

v.

The NEW YORK CENTRAL RAILROAD COMPANY and Trukon, Inc., Defendants-Appellants.

No. 223, Docket 31643.

United States Court of Appeals Second Circuit.

Argued Dec. 6, 1967.

Decided Jan. 22, 1968.

John M. Johnston, New York City (White & Case, Thomas A. Butler, New York City, on the brief), for plaintiff-appellee.

Jerome H. Shapiro, New York City (Gerald E. Dwyer, C. Austin White, New York City, on the brief), for defendant-appellant, The New York Central Railroad Co.

Max J. Gwertzman, New York City, for defendant-appellant, Trukon, Inc.

Before LUMBARD, Chief Judge, WATERMAN and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

New York Central Railroad Co. and Trukon, Inc., defendants in this diversity action, appeal from a judgment entered after a trial before Judge Tenney and a jury in the Southern District of New York, awarding to plaintiff Montgomery Ward & Co. Inc., $354,000 damages for merchandise destroyed by a fire at a freight loading platform owned by New York Central and leased to Trukon. New York Central contends that the evidence concerning its control of the premises was insufficient to warrant holding it liable for damages resulting from any condition thereon. Trukon argues that there was insufficient evidence to support the jury's finding of negligence, that the plaintiff was guilty of contributory negligence, that Trukon was merely acting as plaintiff's agent, and that plaintiff's damages were inadequately proven. We find that the verdicts against both defendants are adequately supported by the evidence, and we affirm the judgment.

The fire occurred on July 1, 1964, at a platform used by Trukon for receiving, assembling and reloading Montgomery Ward's merchandise, pursuant to a contract of June 1961, by which Trukon agreed to perform these operations for Montgomery Ward at the platform in question. The platform, which was located about 15 feet north of 30th Street, formed the southern end of a New York Central freight yard which extended from 30th Street to 33rd Street and from 10th Avenue to 12th Avenue in New York City. The western 206 feet of the platform was leased to Trukon; a partition separated this portion from the rest of the platform, which was used by New York Central. There was conflicting evidence concerning the degree of control which New York Central exercised over the leased premises.

The platform stood on concrete pilings, with wooden beams forming a deck 16 feet wide and about 3 or 4 feet above the ground; it had a metal roof and was open on both sides—the south side to the public street, the north side to the railroad freight yard. From the platform to the ground there was a wire mesh screen on the north side; there was dispute among the witnesses as to whether there was any such screen on the south side of the platform. There was a plywood weather shield extending downward from the roof.

The fire started with a piece of cardboard burning from an unknown cause five or six feet south of the platform. A few workmen attempted to stamp out the fire, but they were unable to extinguish it. The burning cardboard blew under the platform, and the fire then spread over the entire platform, consuming Montgomery Ward's merchandise located on the platform and in abutting vans. There was conflicting evidence as to whether debris and rubbish had been allowed to accumulate beneath the platform and as to whether the water barrels on the platform were filled with water as required by city fire regulations.

Plaintiff sued New York Central and Trukon, claiming that defendants were negligent in the failure to maintain the premises free of debris and rubbish, the

failure to maintain the screening in a condition so as to prevent the accumulation of debris, and the failure to keep the required water barrels filled with water. Both defendants denied liability; in addition, Trukon asserted a cause of action over against New York Central in the event that Trukon should be held liable to plaintiff.

At the close of plaintiff's case and again at the close of all the evidence, both defendants moved for directed verdicts in their favor; the motions were denied. The jury returned a verdict for the plaintiff and found no cause of action over by Trukon against New York Central. Defendants' motions for judgment n. o. v. were denied, and defendants appeal from the judgment entered on the jury verdict.

■■ As to the liability of New York Central, the court charged that the jury could find Central negligent if it found that Central retained control of the premises and that a substantial factor causing the fire was a defective condition on those premises which Central knew about, or in the exercise of reasonable care should have known about, for a period of time sufficient for Central, in the exercise of reasonable care, to correct the condition. Concerning control, the court further charged:

> Whether New York Central retained control of a portion of the premises depends upon whether it reserved the right in its independent discretion to enter that part of the premises at any time and make repairs or do maintenance on its own responsibility.

> The reservation of a right to inspect where there is no right to repair or maintain the property is not in itself enough to hold the landlord liable.

This charge, to which Central took no exception, accurately states the applicable New York law.

■ The question then is whether there was sufficient evidence for the jury to find that New York Central did retain such control. We conclude that the evidence provided an adequate basis on which the jury could find that Central did reserve this right and did undertake the duty to keep the premises in repair.

There was testimony that Central had attended to all alterations and repairs since the commencement of the lease, such as the erection of the plywood weather shield, the erection of steel guards along the side of the platform, the installation of lighting fixtures, and the repairing of holes in the pavement; these alterations and repairs were arranged directly between Montgomery Ward and Central and were not made at the request of the lessee Trukon. There was evidence from Central's employees that they inspected the leased premises, that it would have been their duty to call the need for any repairs to the attention of Central, and that if repairs had been found necessary they would have been attended to by Central's employees. Also, Central saw to it that antifreeze was put in the water barrels on the leased premises, and one witness, Trukon's platform supervisor, testified that it was Central's employees who kept the barrels filled with water.

While there was opposing testimony which might well have justified a contrary conclusion, nevertheless, this evidence is sufficient to support the jury's finding that Central retained the right to make repairs on its own initiative and had control over the premises at the time of the fire.

■ Likewise, there was sufficient evidence of negligence on the part of both defendants. There was testimony from which the jury could reasonably have concluded that debris and rubbish were allowed to accumulate beneath the platform and that defendants were aware or should have been aware of this condition. There was also evidence indicating that defendants knew that such a condition could be prevented by the use of a wire screen between the platform and the ground and that defendants failed to maintain the screening in a condition which would prevent debris from collect-

ing beneath the platform. Several witnesses testified that, when they looked for water to extinguish the fire, there was no water in the barrels.

Again, there was evidence to the contrary, but the resolution of such conflicts is a matter for the jury. The evidence is sufficient to support the jury's resolution of this issue in favor of the plaintiff.

■ Trukon also urges that Montgomery Ward was guilty of contributory negligence with regard to the erection of the plywood shield. While Montgomery Ward requested that a weather shield be installed, Ward had nothing to do with the selection of the material or the design and construction of the shield. The court's charge adequately presented this issue of contributory negligence to the jury, and the jury's finding that Ward was not contributorily negligent must stand.

■ Trukon further argues that it should not be held liable to Montgomery Ward since it was merely acting as Ward's agent in performing the assembly operations. We find no merit in this contention; the agreement between Ward and Trukon clearly states that Trukon shall be an independent contractor, and nothing in the facts warrants the contrary conclusion that Trukon was Ward's agent or employee.

■ Trukon contests the adequacy of the manner in which plaintiff established its damages. The plaintiff provided records showing the merchandise which had been shipped to the platform and which should have been located there at the time of the fire; plaintiff's calculations concerning the merchandise which was destroyed were based mainly on information supplied by Trukon itself. The documents presented appear to have been the best evidence possible under the circumstances, and the court below did not err in refusing to direct a verdict or grant a new trial on this ground.

The judgment of the district court is affirmed.